1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>HAPAG-LLOYD USA, LLC,<br><br>Defendant. | NO. C11-00912 RSM<br><br>DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER RULE 12(b)(6)<br><br>NOTE ON MOTION CALENDAR: October 7, 2011 |

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6)
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

1

<u>TABLE OF CONTENTS</u>

2

Page(s)

3

I.      NATURE AND STAGE OF THE PROCEEDINGS.........................................................1

II.     SUMMARY OF ARGUMENT ....................................................................................1

III.    STATEMENT OF FACTS ..........................................................................................2

IV.     APPLICABLE LEGAL STANDARDS........................................................................3

V.      ARGUMENT ............................................................................................................4

        A.      Plaintiff's Complaint Should be Dismissed as Facially Implausible ..................4

        B.      In the Alternative, If the Court Declines a Dismissal, Discovery Should Be
                Limited Pending Resolution of the Threshold Noninfringement Issue...............8

VI.     CONCLUSION .........................................................................................................9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - i
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**FEDERAL CASES**

4

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.,*

5
    501 F.3d 1307 (Fed. Cir. 2007) ........................................................... 7, 8

6

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) .............................................................................. 8

7

8

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009). ......................................................................... 4

9

10

*Bayer AG v. Housey Pharm., Inc.,*
    340 F. 3d 1367 (Fed. Cir. 2003) ........................................................... 7

11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ....................................................................... 3, 4, 8

12

13

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) .............................................................................. 8

14

15

*Centillion Data Sys., LLC v. Qwest Comm. Intern., Inc.,*
    631 F.3d 1279 (Fed. Cir. 2011) ........................................................... 2

16

*Elen IP LLC v. Arvinmeritor, Inc.,*
    2011 WL 3651113 (W.D. Wash. 2011) ............................................ 3, 9

17

18

*EpicRealm, Licensing, Inc. v. AutoFlex Leasing, Inc.,*
    492 F. Supp. 2d 608 (E.D. Tex. 2007) ................................................. 2

19

20

*NTP, Inc. v. Research in Motion, Ltd.,*
    418 F. 3d 1282 (Fed. Cir. 2005) ..................................................... 4, 5, 7

21

*Porter v. Farmers Supply Service, Inc.,*
    790 F.2d 882 (Fed. Cir. 1986) .............................................................. 8

22

23

**FEDERAL STATUTES**

35 U.S.C. § 100(b) ...................................................................................... 5

24

35 U.S.C. § 271 ...................................................................................... 4, 5

25

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - ii
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

35 U.S.C. § 271(a) ................................................................................................ 5

35 U.S.C. § 271(g) ................................................................................................ 7

**RULES**

Fed. R. Civ. P. 8 .................................................................................................... 3

Fed. R. Civ. P. 8(a)(2) .......................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ................................................................................. passim

Fed. R. Civ. P. 12(d) ............................................................................................. 8

Fed. R. Civ. P. 56 .................................................................................................. 8

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - iii
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

I. NATURE AND STAGE OF THE PROCEEDINGS

On June 1, 2011, Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively "ArrivalStar" or "Plaintiff") filed a Complaint against Hapag-Lloyd USA, LLC ("Hapag-Lloyd" or "Defendant") for alleged patent infringement of U.S. Patent No. 7,030,781 ("the '781 patent"), which issued on April 18, 2006, and U.S. Patent No. 6,904,359 ("the '359 patent"), which issued on June 7, 2005 (collectively, "the Asserted Patents"). The present case is one in a series of approximately 100 lawsuits filed by Plaintiff in various districts over the past seven years. *See In re: ArrivalStar S.A. Fleet Mgmt. Sys. Patent Litigation*, MDL No. 2253, Order Denying Transfer at 2 (J.P.M.L. Aug. 9, 2011). After this case was filed, Defendant Hapag-Lloyd contacted Plaintiff ArrivalStar and explained that the asserted infringement allegations were baseless under established Federal Circuit precedent, specifically because the accused computer servers were not located in the United States (and instead were located in Germany). In response, ArrivalStar explained that the lawsuit would only be terminated upon payment of a settlement amount. Given this inequitable ultimatum, and for the reasons set forth below, Hapag-Lloyd moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims against Hapag-Lloyd for failure to state a claim upon which relief can be granted.

II. SUMMARY OF ARGUMENT

Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted. Hapag-Lloyd cannot infringe the asserted claims of the Asserted Patents as a matter of law. The Asserted Patents both include method and system claims, but the Complaint only specifically alleges infringement of Claim 1 of the '781 patent and Claim 21 of the '359 patent ("the Asserted Claims"), two method claims. As Hapag-Lloyd has explained to ArrivalStar, the Federal Circuit has established that method claims can only be infringed if

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 1
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

1  each step of the claimed method or process is performed in the United States.  In this case, each

2  step of the Asserted Claims requires a computer server and, without question, Hapag-Lloyd's

3  servers are located outside the United States.  Therefore, Hapag-Lloyd cannot perform each

4  step of the claimed methods within the United States and, thus, cannot infringe the Asserted

5  Claims.

6       Accordingly, because the Complaint fails to state a claim upon which relief can be

7  granted, the instant case should be immediately dismissed in accordance with Rule 12(b)(6).

8                 III.  <u>STATEMENT OF FACTS</u>

9       Plaintiff's Complaint accuses Hapag-Lloyd of infringing at least Claim 1 of the '781

10  patent and Claim 21 of the '359 patent.[1]  Complaint, ¶¶ 8-9.  The Complaint contains

11  conclusory paragraphs asserting infringement, accusing Hapag-Lloyd's "My Shipments"

12  service of infringing the Asserted Patents.  *Id*.  However, the claim charts attached as Exhibit C

13  to the Complaint mention two separate services: 1) Hapag-Lloyd's "Getinfo@hlag.com"

14  service, accused of infringing Claim 1 of the '781 patent; and 2) Hapag-Lloyd's "email

15  notifications and tracking reports," accused of infringing Claim 21 of the '359 patent.

16  Complaint, Exhibit C.  While Hapag-Lloyd USA, LLC is a Florida Corporation with its

17

18

19

20

21

22

23

24

25

---

[1] The Asserted Patents also include independent system claims (claims 40, 41, and 43 of the '359 patent and claim 2 of the '781 patent), but Plaintiff has not asserted these claims.  Nor could Plaintiff assert these additional claims against Hapag-Lloyd under the established legal precedent. If Plaintiff were to assert these system claims, there are two possible direct infringement arguments, but both would fail. *See Centillion Data Sys., LLC v. Qwest Comm. Intern., Inc.*, 631 F.3d 1279, 1286-1287 (Fed. Cir. 2011). First, Plaintiff could argue that Hapag-Lloyd uses the accused technologies itself and thus infringes, but Plaintiff has no factual basis for making that argument. Indeed, the accused technologies are offered to Hapag-Lloyd customers to track information about marine vessels, and Hapag-Lloyd employees do not use the accused technologies for such tracking (instead using alternate, internal systems based in Germany). *Id.*; *see also EpicRealm, Licensing, Inc. v. AutoFlex Leasing, Inc.*, 492 F. Supp. 2d 608, 615 (E.D. Tex. 2007) (finding that visitors to a website do not "use" a system, and thus do not infringe, where the visitors merely request information without website control).  Plaintiff has no "Rule 11 basis" to argue that Hapag-Lloyd uses the accused technologies itself within the United States. Second, Plaintiff could argue that the Hapag-Lloyd customers use the accused technology and thus infringe, but the Federal Circuit has clearly established that a company is not liable for a customer's use of its technology. *Centillion*, at 1286-1287. Therefore, the assertion of these system claims would not help Plaintiff.

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 2
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

1   principal place of business in Tampa, Florida (*see* Complaint, ¶ 6), Hapag-Lloyd USA, LLC is

2   a wholly-owned subsidiary of Hapag-Lloyd AG, headquartered in Hamburg, Germany.  *See*

3   Hapag-Lloyd, *Hamburg - Company Headquarters, Germany*, *available at* http://www.hapag-

4   lloyd.com/en/offices/office_262212.html.  As such, all facilities supporting Hapag-Lloyd's

5   "My Shipments," "Getinfo@hlag.com," and "email notifications and tracking reports" services

6   are located outside of the United States, including the servers involved in providing those

7   services.[2]

8                    IV.  <u>APPLICABLE LEGAL STANDARDS</u>

9           Patent infringement allegations, like other federal civil causes of action, are subject to

10  the general pleading requirements of Rule 8.  *See Elen IP LLC v. Arvinmeritor, Inc.*, 2011 WL

11  3651113, at *1 (W.D. Wash. 2011).  This requirement of Rule 8 mandates "a short and plain

12  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

13          Furthermore, to survive a motion to dismiss under Rule 12(b)(6), a patent infringement

14  complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible

15  on its face.'"  *Elen* at *1 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The

16  "[f]actual allegations must be enough to raise a right to relief above the speculative level."

17  *Twombly*, 550 U.S. at 555.  Further, claims must be supported by sufficient factual allegations

18  to state a claim to relief that is plausible on its face, and, therefore, merely conceivable claims

19  lacking in sufficient factual allegations to state a claim for relief are not plausible on their face

20  and must be dismissed in accordance with Rule 12(b)(6).  *See id.* at 570; *Elen* at *1.  And

21  though, in deciding a motion to dismiss, a court must accept the factual allegations in the

---

[2] Hapag-Lloyd can provide declarations supporting these facts, if disputed by ArrivalStar.

To the extent that the location of Hapag-Lloyd's servers, that is, that they are not located within the United States, constitutes evidence outside the pleadings which cannot be considered on a motion to dismiss, Hapag-Lloyd respectfully asks the Court treat this motion as one for summary judgment.

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 3
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

1  complaint, a court is not required to accept the legal conclusions as true. *Ashcroft v. Iqbal*, 129

2  S. Ct. 1937, 1949 (2009).  In other words, "[t]hreadbare recitals of the elements of a cause of

3  action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550

4  U.S. at 555).

5  Under 35 U.S.C. § 271, the Federal Circuit has clearly established that method claims

6  can only be infringed if each step of the claimed method or process is performed within the

7  United States. *NTP, Inc. v. Research in Motion, Ltd.*, 418 F. 3d 1282, 1318 (Fed. Cir. 2005).

8  ## V.  ARGUMENT

9  Plaintiff's Complaint against Hapag-Lloyd should be dismissed because the Complaint

10  fails to state a claim upon which relief can be granted.  Specifically, the Complaint alleges

11  infringement by Hapag-Lloyd, but the Complaint does not include any factual allegations

12  supporting a claim that is plausible on its face.  For example, Plaintiff does not and cannot

13  allege that Hapag-Lloyd performs every step of the asserted claims within the United States.

14  Without alleging this fact, Plaintiff's claim for relief is not plausible on its face, for the asserted

15  claims can only be infringed if each step of the claimed method or process is performed in the

16  United States.  *NTP* at 1318.  Hapag-Lloyd's servers, which are required in order to allegedly

17  perform steps of the Asserted Claims, are located outside the United States. As such, Hapag-

18  Lloyd cannot perform each step of the claimed methods within the United States and, thus,

19  cannot infringe. Therefore, Plaintiff's claim for infringement is not facially plausible and the

20  Complaint should be dismissed under Rule 12(b)(6) as failing to state a claim upon which

21  relief can be granted.

22  A.  Plaintiff's Complaint Should be Dismissed as Facially Implausible

23  In the Complaint, without any explanation, Plaintiff summarily alleges that:

24

25  Hapag-Lloyd has infringed claims of the '781 and '359 patents through, among
       other activities, the sale and use of its 'My Shipments' service, which, upon

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 4
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

information and belief, is a shipment and tracking and status system.  Hapag-Lloyd has also infringed the '781 and '359 patents by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of such patents.  A preliminary chart showing, for illustrative purposes, how services offered by Hapag-Lloyd infringe at least Claim 1 of the '781 patent and Claim 21 of the '359 patent is attached as Exhibit C.  Complaint, ¶ 8.

However, neither the Complaint nor Exhibit C set forth any facts supporting a plausible claim for relief.  Both the Complaint and Exhibit C include merely conclusory, conceivable claims of infringement that lack the necessary factual allegation that Hapag-Lloyd performs each step of the asserted claims within the United States, as required for infringement.  *Id.*, Exhibit C.

The Federal Circuit has established that, under 35 U.S.C. § 271, method claims can only be infringed if each step of the claimed method or process is performed in the United States. *NTP* at 1318.  In *NTP* the Federal Circuit explicitly held that "a process cannot be used 'within' the United States as required by section 271(a) unless each of the steps is performed within this country."  418 F.3d at 1318.[3]  Far from an isolated holding, the Federal Circuit and other courts have repeatedly applied the territorial requirement of *NTP* to the application of 35 U.S.C. § 271.  *See e.g., Zoltek Corp. v. U.S.*, 442 F. 3d 1345, 1350 (Fed. Cir. 2006) (citing *NTP* in finding that a process cannot be used in the United States unless each step is performed within this country); *Ion, Inc. v. Sercel, Inc.*, 2010 WL 3768086, at *4 (E.D. Tex. 2010) (explaining that the "territorial reach of § 271 is limited, and § 271 is only actionable against infringing activities that occur within the United States").  Notably, this Court has also affirmed *NTP*, also specifically finding that "one cannot infringe by performing a claimed method outside the U.S." *Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1177 (W.D. Wash. 2008).

---

[3] 35 U.S.C. § 100(b) defines a "process" as a "process, art, or method."

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 5
(C11-00912 RSM)

3236120.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

Hapag-Lloyd's servers, which are required in order to allegedly perform steps of the asserted claims, are located outside the United States. As such, Hapag-Lloyd cannot perform each step of the claimed methods within the United States and cannot infringe as a matter of law.

For example, in claim 21 of the '359 patent, at least the following steps require computer servers:

(a) permitting a user to predefine *at a computer system* one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location, . . . ;

(b) *tracking* movement of the vehicle as it moves toward the location; and

(c) *communicating a notification* on a status of the vehicle *from the computer system* to a user communication device upon occurrence of the one or more events by the vehicle during the travel . . . .[4]

---

[4] Claim 21 of the '359 patent states, in its entirety:

21. A method comprising the steps of:
(a) permitting a user to predefine at a computer system one or more events that will cause creation and communication of a notification relating to the status of a mobile vehicle in relation to a location, wherein the one or more events comprises at least one of the following:

distance information specified by the user that is indicative of a distance between the vehicle and the location, location information specified by the user that is indicative of a location or region that the vehicle achieves during travel, time information specified by the user that is indicative of a time for travel of the vehicle to the location, or a number of one or more stops that the vehicle accomplishes prior to arriving at the location;

(b) tracking movement of the vehicle as it moves toward the location; and
(c) communicating a notification on a status of the vehicle from the computer system to a user communication device upon occurrence of the one or more events by the vehicle during the travel, the user communication device being a general-purpose communications device that is remote from the location and the vehicle whose travel is being monitored and that is designed to communicate with other communications devices that are undedicated to the computer system, wherein the computer system is located remotely from the vehicle.

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 6
(C11-00912 RSM)

3236120.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

Similarly, all of the steps of claim 1 of the '781 patent ("monitoring travel," "comparing planned timing of the vehicle," "contacting a user communications device," and "informing the user of vehicle delay") also require computer servers.[5]  The only computer servers owned and operated by Hapag-Lloyd that could possibly perform these steps are located outside of the United States, precluding any infringement by Hapag-Lloyd under the Federal Circuit's decision in *NTP*.

Based on this established precedent, Hapag-Lloyd simply cannot infringe Plaintiff's claimed methods because Hapag-Lloyd does not and cannot perform each of the claimed steps in the United States under established law.  Thus, in failing to plead that Hapag-Lloyd performs each step of the Asserted Claims within the United States, Plaintiff has clearly failed to state a claim to relief that is plausible on its face or to state a claim upon which relief can be granted.[6]

Further, any assertions that Hapag-Lloyd induced or contributed to the infringement of others similarly fail.  In order to establish induced or contributory infringement, Plaintiff must establish that there has been a direct infringement.  *See e.g.*, *ACCO Brands, Inc. v. ABA Locks*

---

[5] Claim 1 of the '781 patent states:

A method comprising the steps of:
monitoring travel data associated with the vehicle;
comparing planned timing of the vehicle along a route to update vehicle status information;
contacting a user communications device before the vehicle reaches a vehicle stop along the route; and
informing the user of the vehicle delay with respect to the vehicle stop and of updated impending arrival of the vehicle at the vehicle stop, based upon the updated vehicle status information and the planned timing.

[6] During communications about this case, Plaintiff has also asserted that Hapag-Lloyd can still infringe the Asserted Claims under 35 U.S.C. § 271(g), regardless of the location of Hapag-Lloyd's servers.  But, this argument is faulty, as the Federal Circuit has limited the application of § 271(g) to physical products, finding that § 271(g) does not apply to method claims.  *See, e.g., Bayer AG v. Housey Pharm., Inc.*, 340 F. 3d 1367, 1371 (Fed. Cir. 2003).  As Hapag-Lloyd does not offer physical products via the accused website, and as Plaintiff has only asserted method claims, Hapag-Lloyd cannot infringe the Asserted Claims under § 271(g) as a matter of law. Thus, any assertion that Hapag-Lloyd infringes under § 271(g) would not be facially plausible.

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 7
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

1   *Mfr. Co.,* 501 F.3d 1307, 1312 (Fed. Cir. 2007) (finding that induced infringement requires

2   direct infringement); *Porter v. Farmers Supply Service, Inc.*, 790 F.2d 882, 884 (Fed. Cir.

3   1986) (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 341 (1961))

4   (stating that "absent direct infringement, there can be no contributory infringement").  Hapag-

5   Lloyd's customers cannot directly infringe the Asserted Claims because they cannot possibly

6   perform every step of the claimed methods.  As discussed, several steps of the Asserted Claims

7   require computer servers and Hapag-Lloyd, not its customers, own and operate the servers

8   outside of the United States.  Thus, because no one can directly infringe the Asserted Claims,

9   Hapag-Lloyd cannot induce or contribute to the infringement of others.  *See e.g., ACCO* at

10  1312; *Porter* at 884.

11          Accordingly, because Plaintiff ArrivalStar has no possible basis for its claims, the

12  Complaint should be dismissed under Rule 12(b)(6).  *See Twombly*, 550 U.S. at 570.[7]

13  B.     <u>In the Alternative, If the Court Declines a Dismissal, Discovery Should Be Limited
           Pending Resolution of the Threshold Noninfringement Issue.</u>

14          While this motion is pending, and if the Court denies this motion to dismiss or the

15  alternative motion for summary judgment, Hapag-Lloyd respectfully requests that the Court

16  issue an order limiting discovery against Hapag-Lloyd to allow early resolution of the

17  threshold noninfringement issue pertaining to the location of Hapag-Lloyd's servers as located

18

19  _____

20  [7] In the alternative, if this Court determines that dismissal is inappropriate, Hapag-Lloyd respectfully requests that
    the Court treat this motion as one for summary judgment under Rule 56, in accordance with Rule 12(d).  When a
    motion to dismiss under Rule 12(b)(6) presents matters outside the pleadings, the motion may be treated as one for

21  summary judgment under Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).  A motion under Rule 56 should be
    granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

22  of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  While the burden is initially upon the movant to
    establish the absence of any genuine issue of material fact and entitlement to judgment as a matter of law, the non-

23  moving party must set forth specific facts showing a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 250 (1986).  Here, Hapag-Lloyd has satisfied the initial burden.  Thus, if this Court declines to

24  dismiss this case under Rule 12(b)(6), Hapag-Lloyd is entitled to summary judgment because there is no genuine
    issue of material fact as to the location of Hapag-Lloyd's servers outside the United States and, thus, Hapag-Lloyd

25  cannot infringe the asserted claims as a matter of law.

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 8
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

1  outside the United States.  If necessary, Hapag-Lloyd is prepared to make available evidence

2  (such as declarations and other pertinent information) proving that Hapag-Lloyd's servers,

3  which control the operation of the accused services, are located entirely outside of the United

4  States.  Limiting discovery would not upset the case schedule, as none has been set.  It would

5  additionally have the benefit of saving Plaintiff, Hapag-Lloyd, and the Court the burden and

6  expense of handling full-blown discovery and will likely resolve all pending claims against

7  Hapag-Lloyd.

8         This Court has broad discretion to stay discovery in the interests of justice.  *See Elen* at

9  *5 (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of

10 discovery to resolve threshold dispositive issue)).  In *Elen* (a case where a non-practicing entity

11 attempted to extort money based on a patent), this Court recently decided that a stay was

12 appropriate as there was no basis for the plaintiff's patent claims and the cost of discovery

13 would have disproportionately fallen on the defendant.  In this similar case, where Plaintiff is a

14 non-practicing entity and the cost of discovery would disproportionately fall on Hapag-Lloyd,

15 especially as evidence relevant to this case would be housed at Hapag-Lloyd's headquarters in

16 Hamburg, Germany, outside of the United States, at least limiting discovery would be

17 appropriate.  Indeed, this is precisely the kind of case that concerned this Court in *Elen*, as

18 Plaintiff, a non-practicing entity, seeks early settlement in the hopes that defendant will opt to

19 avoid the costs of litigation, regardless of its legitimate defenses.  *See Elen* at *5; *In re:*

20 *ArrivalStar* at 2.

21                            VI.  <u>CONCLUSION</u>

22         For the reasons set forth above, Hapag-Lloyd requests that this Court grant the instant

23 motion to dismiss Plaintiff's claim against Hapag-Lloyd for patent infringement (or grant

24

25

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 9
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1

1  summary judgment of non-infringement in favor of Hapag-Lloyd), or, alternatively, that this

2  Court stay discovery in the case pending the resolution of the threshold noninfringement issue.

3          DATED this 12th day of September, 2011.

4                                              s/John A. Knox, WSBA #12707
                                               WILLIAMS, KASTNER & GIBBS PLLC
5                                              601 Union Street
                                               Suite 4100
6                                              Seattle, WA  98101-2380
                                               (206) 628-6600
7                                              Email: jknox@williamskastner.com

8                                              s/Lionel M. Lavenue (admitted *pro hac vice*)
                                               FINNEGAN, HENDERSON, FARABOW,
9                                              GARRETT & DUNNER, LLP
                                               Two Freedom Square
10                                             11955 Freedom Drive
                                               Reston, VA 20190-5675
11                                             (571) 203-2700
                                               Email:  lionel.lavenue@finnegan.com
12
                                               R. Benjamin Cassady *(pro hac vice* to be
13                                             submitted)
                                               FINNEGAN, HENDERSON, FARABOW,
14                                             GARRETT & DUNNER, LLP
                                               901 New York Ave., NW
15                                             Washington, D.C. 20001
                                               P:  (571) 203-2700; F:  (202) 408-4400
16                                             Email:  ben.cassady@finnegan.com

17                                             ***Attorneys for Defendant Hapag-Lloyd USA,
                                               LLC***
18

19

20

21

22

23

24

25

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER         **Williams, Kastner & Gibbs PLLC**
RULE 12(b)(6) - 10                                     601 Union Street, Suite 4100
(C11-00912 RSM)                                        Seattle, Washington 98101-2380
                                                       P (206) 628-6600; F (206) 628-6611

3236120.1

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 12, 2011 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

***Attorneys for Plaintiffs***

Philip P. Mann, WSBA # 28860
MANN LAW GROUP
Seattle Tower
1218 Third Ave., Suite 1809
Seattle, WA 98101
(206) 436-0900
Email: phil@mannlawgroup.com

John Whitaker, WSBA #28868
WHITAKER LAW GROUP
Seattle Tower
1218 Third Ave., Suite 1809
Seattle, WA 98101
(206) 436-8500
Email: john@wlawgrp.com

DATED this 12th day of September, 2011.

s/John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street
Suite 4100
Seattle, WA  98101-2380
(206) 628-6600
Email: jknox@williamskastner.com

***Attorneys for Defendant Hapag-Lloyd USA, LLC***

DEFENDANT HAPAG-LLOYD'S MOTION TO DISMISS UNDER
RULE 12(b)(6) - 11
(C11-00912 RSM)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
P (206) 628-6600; F (206) 628-6611

3236120.1